UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:08CR-78-S

COMMONWEALTH OF KENTUCKY            RESPONDENT/PLAINTIFF

v.

CHARLES SMITH            PETITIONER/DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Petitioner/Defendant Charles Smith's petition to remove his criminal proceeding pursuant to 28 U.S.C. §§ 1441 and 1446. For the reasons set forth below, the Court will dismiss the petition and remand the action to state court.

### I.

Smith is currently an inmate confined at the Louisville Metro Department of Corrections. This petition for removal arises out of a criminal prosecution currently pending in the Jefferson Circuit Court, *Commonwealth of Kentucky v. Charles Smith*, Indictment No. 07-CR-1504. Smith states that on June 10, 2008, he pleaded guilty to manslaughter pursuant to a plea agreement. He alleges that his constitutional rights under the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments have been violated in the course of the Commonwealth's criminal prosecution. In particular, he states that he has an I.Q. of 54 and Alzheimer's and therefore is incompetent to plead guilty. As relief, he seeks to have the indictment dismissed and to be sent to Central State Hospital for treatment and then released.

### II.

Smith asserts that his action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Turning first to § 1441(b), as specifically referenced by Smith, that statute provides,

> Any *civil action* of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added). Smith argues that removal is proper because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over any supplemental state-law claims under 28 U.S.C. § 1367.[1] Like § 1441(b), however, those statutes pertain only to civil, not criminal, actions. Because §§ 1331 and 1367 are civil in nature, Smith fails to establish this Court's jurisdiction for entertaining the removed criminal action and removal is not proper under § 1441(b).

Although § 1441 pertains to the removal of civil actions, 28 U.S.C. § 1446[2] provides a procedure for removal of a criminal prosecution. While § 1446 governs the *procedure* for removal, it does not authorize the *substantive* right of removal. Rather, a state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States . . .; or

---

[1] Section 1331(a) provides, "[t]he district courts shall have original jurisdiction of all *civil actions* arising under the Constitution, laws, or treaties of the United States," and § 1367(a), provides, "in any *civil action* of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

[2] Smith also references § 1446(b). As subsection (b) applies to a notice of removal of a *civil* action or proceeding, it is not applicable here.

2

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Smith's criminal action is not removable under either subsection.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Id.* "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803).

The attachments to the notice of removal reflect that Smith has pleaded guilty to manslaughter. While he broadly claims that the criminal prosecution against him violates his right to equal protection of the law and constitutes involuntary servitude, "[t]here is not the merest hint from [his] allegations . . . that the violation is based on violation of 'racial equality.'" *State of Iowa v. Johnson*, 976 F. Supp. 812, 817 (N.D. Iowa 1997) (quoting *Rachel*, 384 U.S. at 792). In other words, he makes broad claims of constitutional violations rather than the requisite violation of racial equality. Such is not sufficient to support removal under the section. *See also*

*United States ex rel. Sullivan v. State of Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) (per curiam) ("Section 1443 applies only to denial of specific rights of racial equality and not to the whole gamut of constitutional rights" (citations omitted)). His petition also fails to satisfy the second prong, for he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his federal rights in state court. For these reasons, removal is not proper under § 1443(1).

Nor does Smith's criminal action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme Court has noted that "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Smith is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

Because removal is not authorized under either § 1441 or § 1443, this Court is without jurisdiction to entertain Smith's criminal action at this time. As procedural guidance, however,

the Court advises that should Smith believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies (on direct appeal and by way of any post-conviction collateral attacks, such as a RCr 11.42, for instance) and then file a federal habeas petition under 28 U.S.C. § 2254.

### III.

Because the Court finds that removal of Smith's criminal action is improper, it will dismiss his petition and summarily remand the action pursuant to 28 U.S.C. § 1446(c)(4).[3]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner/Defendant
        Clerk, Jefferson Circuit Court
        Jefferson County Attorney
4411.009

---

[3] Pursuant to § 1446(c)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."